UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ISA A. COLEMAN,

                         Plaintiff,

       -against-                                              9:20-CV-0105 (LEK)

MELECIO,

                         Respondent.

_____

## MEMORANDUM-DECISION AND ORDER

## I.    INTRODUCTION

       Petitioner Isa Coleman seeks federal habeas relief pursuant to 28 U.S.C. § 2254. Dkt. No.

1 ("Petition"). The Court directed Respondent Melecio to answer the petition. Dkt. No. 2

("February 2020 Order"). Respondent requested, and was granted, permission to limit the answer

to timeliness, reserving the right to further briefing if the Petition survived. Dkt. No. 8 ("June

2020 Text Order"). Respondent opposed the Petition as untimely. Dkt. No. 9 ("Memorandum of

Law in Opposition"); Dkt. No. 10 ("Answer"); Dkt. No. 11 ("State Court Record" or "SCR").

Petitioner replied to Respondent's opposition. Dkt. No. 16 ("Reply"). For the reasons that follow,

the Petition is denied.

## II.   BACKGROUND

       Following a 2014 jury verdict in Clinton County, Petitioner was convicted of third-degree

criminal sale of a controlled substance and third-degree criminal possession of a controlled

substance. Pet. at 1–2, 16; accord People v. Coleman, 155 A.D.3d 1097, 1097 (N.Y. App. Div.

3d Dep't 2017) ("Coleman I").[1,2] On January 7, 2015, Petitioner was sentenced as a second felony offender to an aggregate determinate term of nine years' imprisonment, followed by two years of post-release supervision. SCR at 7, 16; Coleman I at 1097.

While Petitioner's direct appeal was pending, he unsuccessfully moved to set aside his verdict pursuant to New York Criminal Procedure Law § 330.30. Pet. at 16; Dkt. No. 1-4 at 19–23; Coleman v. Lamanna, No. 19-CV-520, 2019 WL 2287809, at *1 n.4 (N.D.N.Y. May 29, 2019) ("Coleman II"). Petitioner also filed a motion to vacate his judgment pursuant to New York Criminal Procedure Law § 440.10 ("440 Motion"). Pet. at 16, Dkt. No. 1-4 at 24–30. The 440 motion was denied by the trial court, Dkt. No. 1-4 at 34–40; however, Petitioner's application for leave to appeal was granted and subsequently consolidated with his direct appeal. Pet. at 6, 16; Coleman II at *1 n.4.

The New York State Supreme Court, Appellate Division, Third Department, affirmed the judgment of conviction and the trial court's decision denying the 440 motion; and on February 15, 2018, the New York Court of Appeals denied leave to appeal. Pet. at 2–3, 16; SCR at 2–5 (Third Department Decision); SCR at 9 (Court of Appeals Decision); see also Coleman I at 1099.[3]

---

[1] Citations to the parties' filings refer to the pagination generated by CM/ECF, the Court's electronic filing system.

[2] Petitioner included the Third Department decision in his supporting exhibits. Dkt. No. 1-4 at 56–=59.

[3] Petitioner included the Court of Appeals decision in his supporting exhibits. Dkt. No. 1-4 at 65.

On April 25, 2019, Petitioner filed a second 440 motion. Pet. at 3, 7, 16; Dkt. No. 1-4 at 1–62; SCR at 11–15. A day later, on April 26, 2019, Petitioner sought federal habeas relief pursuant to 28 U.S.C. § 2254; however, his premature petition was dismissed without prejudice and with a right to renew once all claims were properly exhausted before the state courts. See Pet.; Dkt. No. 6; accord Coleman II at *2–4.

On August 13, 2019, the trial court denied Petitioner's second 440 motion. SCR at 17–21.[4] Petitioner applied for leave to appeal. Pet. at 7–8, 17; SCR at 25–36.[5] On October 18, 2019, the Third Department denied the application. Pet. at 8, 17; SCR at 38. Petitioner again applied, pursuant to New York Criminal Procedure Law § 460.20 and People v. Jones, 24 N.Y.3d 263 (2014), for permission to appeal and certify "that there is a question of law as to whether the denial of the . . . [440] motion was an abuse of discretion, as a matter of law." SCR at 40–43; see also Pet. at 17.[6] On January 6, 2020, the Court of Appeals "ordered that [Petitioner's] application [be] dismissed because the order sought to be appealed from is not appealable under CPL § 450.90(1)." SCR at 45; see also Pet. at 8, 17.[7]

_____

[4] Petitioner included the Clinton County court's decision in his supporting exhibits. Dkt. No. 1-5 at 88–91.

[5] Petitioner included a copy of his application seeking leave to appeal from the Third Department in his supporting exhibits. Dkt. No. 1-5 at 92–105.

[6] Petitioner included a copy of his application seeking leave to appeal from the Court of Appeals in his supporting exhibits. Dkt. No. 1-5 at 106–109.

[7] Petitioner included the Court of Appeals decision in his supporting exhibits. Dkt. No. 1-5 at 110.

### III.   HABEAS PETITION

Petitioner challenges a 2015 judgment of conviction in Clinton County, upon a jury verdict, of third-degree criminal sale of a controlled substance and third-degree criminal possession of a controlled substance. Pet. at 1–2; accord Coleman I at 1097. Petitioner contends that he is entitled to federal habeas relief because (1) he was deprived of due process in violation of the Fourteenth Amendment as (a) the trial court lacked jurisdiction over Petitioner, Pet. at 18; (b) the conviction was supported by false evidence, id.; (c) Petitioner was subjected to an unduly suggestive lineup, id. at 18–19; (d) there was prosecutorial misconduct, id. at 19-20, and (e) the trial court erred in various rulings, id. at 19–20; and (2) Petitioner's trial counsel was constitutionally ineffective, id. at 21–23.

Respondent opposes the Petition. See generally Mem. of Law in Opposition. Specifically, Respondent argues that the Petition is untimely and Petitioner is not entitled to statutory or equitable tolling. Id. at 7–13.

Petitioner replies that New York law permits Petitioner to directly appeal the Third Department's denial to the Court of Appeals. Reply at 3. Therefore, pursuant to People v. Jones, 24 N.Y.3d 623 (2014), Petitioner's application seeking leave to appeal continued to toll the statute of limitations so that his petition was timely filed. Id. at 3–4.[8]

### IV.   DISCUSSION

#### A.  The Petition is Untimely

---

[8]  Petitioner included a copy of the Jones decision in his supporting exhibits. Dkt. No. 16-2.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year statute of limitations for prisoners to seek federal review of their state court criminal convictions. 28 U.S.C. § 2244(d)(1). The one-year period generally begins to run from the date on which the state criminal conviction became final by the conclusion of direct review or by the expiration of the time to seek direct review. 28 U.S.C. § 2244(d)(1)(A); Gonzalez v. Thaler, 565 U.S. 134, 149–50 & n.9 (2012).[9] In New York, that period is thirty days. Gonzalez, 565 U.S. at 150; Bethea v. Girdich, 293 F.3d 577, 578 (2d Cir. 2002) (citing N.Y. CPL § 460.10(1)).

The Third Department affirmed Petitioner's conviction on direct appeal, and the New York Court of Appeals denied Petitioner's application for leave to appeal on February 15, 2018. Coleman, 30 N.Y.3d at 1114; id. at 1119. He did not seek a writ of certiorari, and thus his conviction became final ninety days later, on May 16, 2018. Pet. at 3; Thaler, 565 U.S. at 149–150 (Petitioner's judgment became final when their time for seeking certiorari review expired.). Petitioner therefore had until May 16, 2019, to timely file a federal habeas petition.

On April 25, 2019, after 344 days of the limitations period had elapsed, Petitioner filed his second 440 motion. Pet. at 4, 13–14.[10] The one-year limitation period under AEDPA is tolled

---

[9]  Other dates which may trigger the running of the limitations period are: the date on which an impediment to filing an application created by state action in violation of the U.S. Constitution or laws is removed, if the applicant was prevented from filing by such action; the date on which the constitutional right on which the Petitioner bases his habeas application was initially recognized by the Supreme Court, if the right has been newly recognized and made retroactively applicable to cases on collateral review; and the date on which the factual predicate of the claim(s) presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(B)–(D).

[10]  The motion is dated on April 22, 2019, Dkt. No. 1-5 at 1, 4; however, the affidavit of service indicates that Petitioner mailed the motion on April 25, 2019, Dkt. No. 1-5 at 62. The prison mailbox rule equally applies to state collateral motions in determining whether they are properly filed; therefore, the motion was filed on April 25, 2019. See Fernandez v. Artuz, 402

while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); Saunders v. Senkowski, 587 F.3d 543, 548 (2d Cir. 2009). The tolling provision "excludes time during which properly filed state relief applications are pending but does not reset the date from which the one-year statute of limitations begins to run." Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000) (per curiam); Rodriguez v. Smith, No. 14-CV-1274, 2015 WL 5968837, at *6 (N.D.N.Y. Oct. 13, 2015). In sum, an "application is no longer pending, and the limitations period is no longer tolled, as soon as the Petitioner can seek no further state court review." Davis v. Griffin, No. 1:16-CV-0550, 2019 WL 1384587, at *2 (W.D.N.Y. Mar. 27, 2019) (quoting Bennet v. Artuz, 199 F.3d 116, 120 (2d Cir. 1999)) (internal quotation marks omitted).

Here, the limitations period was tolled until October 18, 2019, when the Third Department denied Petitioner's application for leave to appeal his 440 motion.

> In New York, "any adverse or partially adverse order of an intermediate appellate court" may be "taken to the court of appeals" if "a certificate granting leave to appeal is issued pursuant to section 460.20." N.Y. C.P.L. § 450.90(1). Section 460.20, in turn, explains that a "certificate granting leave to appeal to the court of appeals . . . is an order of a judge granting such permission and certifying that the case involves a question of law which ought to be reviewed by the court of appeals." N.Y. C.P.L. § 460.20. When the order sought to be appealed is an order of the Appellate Division, either a judge of the Court of Appeals or a justice of the Appellate Division may issue a certificate granting leave to appeal to the Court of Appeals. See N.Y. C.P.L. § 460.20(2)(a). Together, these procedural rules establish that a party cannot appeal an order of the Appellate Division to the Court of Appeals without permission.

---

F.3d 111, 116 (2d Cir. 2005) (applying the "mailbox rule to ascertain when a [collateral challenge was] 'properly filed' for purposes of tolling the AEDPA statute of limitations.").

> Furthermore, an order denying a § 440.10 motion is appealable to the
> Appellate Division only by leave of a justice of that court granted
> under § 460.15. *See* N.Y. C.P.L. § 450.15(1). Absent that permission,
> "further appellate review is unavailable under [New York] state's
> procedures." *Bennet*, 199 F.3d at 120. "There is no provision in New
> York law for an appeal to the Court of Appeals from an order denying
> leave to appeal from an order denying a Section 440.10 motion."
> *Ramos v. Walker*, 88 F.Supp.2d 233, 234 n.3 (S.D.N.Y. 2000).

Davis, 2019 WL 1384587, at *2–3. Petitioner sought leave to appeal the denial of his second 440

motion, and his application was denied by the Third Department. Pet. at 7–8; SCR at 38.

Petitioner did not receive permission to appeal that denial from either the Third Department or

the Court of Appeals; therefore, his application to the Court of Appeals was not properly filed.

Davis, 2019 WL 1384587, at *2. This was explicitly noted by the Court of Appeals in the

decision denying the request: "[T]he order sought to be appealed from is not appealable under

CPL § 450.90(1)." SCR at 45.

Petitioner contends that the holding in People v. Jones, 24 N.Y.3d 623 (2014), proves

otherwise. Petitioner misconstrues the Court of Appeal's holding. While Jones did serve to

clarify and partially overturn prior precedent, it does not provide Petitioner with the proffered

procedural mechanism to extend his statutory tolling.

The Court of Appeals discussed, in great detail, how the enactment of New York's

Criminal Procedure Law changed how criminal defendants could seek review of their state court

convictions. Jones, 24 N.Y.3d at 627-31. Specifically, "before the enactment of CPL article 440,

no statute provided for an appeal to [the Court of Appeals] in postjudgment proceedings,"

instead, the Court of Appeals established a "hands-off approach . . . and imposed a limitation on

[its] power of review." Id. at 627–28. However, in Jones, the Court of Appeals explained that just

7

"because lower courts have 'unlimited' discretion in deciding whether a defendant is entitled to vacatur of judgment and a new trial based on newly discovered evidence, their determination is [not] somehow beyond reproach." Id. at 629. Thus, the Court of Appeals held that, now that the provisions of the Criminal Procedure Law provided criminal defendants with procedural mechanisms to challenge their postjudgment proceedings, "defendants whose newly discovered evidence motions are summarily denied by the lower courts should have the opportunity, within the strictures of CPL 450.90(1), to have those determinations reviewed under [an] abuse of discretion standard[.]" Id.

Petitioner's present argument seeks to avoid those procedural strictures outlined above. As stated by Jones, Petitioner had to follow the appeal options provided to him in the Criminal Procedure Law and, as outlined by the Davis decision, in order to continue the statutory tolling and bring his claims before the Court of Appeals, Petitioner required permission from either a judge on the Court of Appeals or a justice from the Third Department. He had neither. Therefore, his appeal did not comply with the appropriate appeal mechanisms available in the Criminal Procedure Law and it was dismissed. SCR at 45. Petitioner's "futile attempt to appeal to the Court of Appeals the [Third] Department's denial of leave to appeal did not toll the limitations period because there was no longer a properly filed application pending." Davis, 2019 WL 1384587, at *2 (internal quotation marks omitted).

Furthermore, Petitioner's first habeas petition, filed in April of 2019, does not impact the present analysis. See Coleman II, Petition. This is because "the filing of a petition for habeas corpus in federal court does not toll the statute of limitations." Rhines v. Weber, 544 U.S. 269, 274 (2005).

Accordingly, as of October 19, 2019, Petitioner's statute of limitations period had begun to run again. Petitioner had twenty-one days, or until November 12, 2019, to timely file his habeas petition.[11] The present petition was filed on January 22, 2020.[12] It was seventy-one days past the expiration of the limitations period. Therefore, it is untimely.

**B. Petitioner has Failed to Demonstrate that he is Entitled to Equitable Tolling**

AEDPA's one-year statute of limitations period "is subject to equitable tolling in appropriate cases." Holland v. Florida, 560 U.S. 631, 645 (2010) (citing Smith 208 F.3d at 17). The Second Circuit has "set a high bar to deem circumstances sufficiently 'extraordinary' to warrant equitable tolling." Dillon v. Conway, 642 F.3d 358, 363 (2d Cir. 2011). A petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. at 649 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); see also Diaz v. Kelly, 515 F.3d 149, 153 (2d Cir. 2008). To make the requisite showing, a petitioner must "demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing." Rodriguez, 2015 WL 5968837, at *6 (quoting Hizbullahankhamon v. Walker, 255 F.3d 65, 75 (2d Cir. 2001)). Further, a petitioner must establish that he "acted with reasonable diligence throughout the period he seeks to toll." Doe v. Menefee, 391 F.3d 147, 159 (2d Cir. 2004). "The link of causation is broken if the person seeking equitable tolling has not

---

[11]  Petitioner's limitations period expired on November 9, 2019; however, because that was a Saturday, and Veterans Day was the following Monday, the date was extended to the following Tuesday. See Fed. R. Civ. P. 6(a)(1)(C).

[12]  Under the prison mailbox rule, a petitioner's application is deemed filed on the date he delivers it to the prison authorities for mailing. Houston v. Lack, 487 U.S. 266, 270 (1988).

exercised reasonable diligence." <u>Rodriguez</u>, 2015 WL 5968837, at *6 (citing <u>Barrett v. United States</u>, 961 F. Supp. 2d 403, 408 (D. Conn. 2013)); <u>see also</u> <u>Hizbullahankhamon</u>, 255 F.3d at 75 (noting that causal relationship cannot be demonstrated "if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances").

Liberally construing Petitioner's submissions, it appears that he contends he innocently miscalculated the deadline based upon a misunderstanding of the aforementioned case law. However, "[m]iscalculating the limitations period is simply not sufficient to warrant equitable tolling because [then] equitable tolling would be available to every person who missed a deadline." <u>Davis</u>, 2019 WL 1384587, at *3 (quoting <u>Lawrence v. Florida</u>, 549 U.S. 327, 337 (2007) (denying equitable tolling to a pro se petitioner) (internal quotation marks omitted).

Due to the strict requirements for equitable tolling, unfortunately, equitable tolling does not save pro se Petitioner's untimely filing.

## V.    CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Petition (Dkt. No. 1) is **DENIED and DISMISSED in its entirety;** and it is further

**ORDERED**, that no Certificate of Appealability ("COA") shall issue because Petitioner has failed to make a "substantial showing of the denial of a constitutional right" as 28 U.S.C. § 2253(c)(2) requires;[13] and it is further

---

[13] <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003); <u>see</u> <u>Richardson v. Greene</u>, 497 F.3d 212, 217 (2d Cir. 2007) (holding that if the court denies a habeas petition on procedural grounds, "the certificate of appealability must show that jurists of reason would find debatable two issues: (1) that the district court was correct in its procedural ruling, *and* (2) that the applicant has established a valid constitutional violation" (emphasis in original)).

**ORDERED**, that any further request for a Certificate of Appealability must be addressed to the Court of Appeals (Fed. R. App. P. 22(b)); and it is further

**ORDERED**, that the Clerk shall serve a copy of this Memorandum-Decision and Order on the parties, and serve an updated docket sheet upon Petitioner, in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:      February 18, 2021
            Albany, New York

Lawrence E. Kahn
U.S. District Judge

11